IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| AMANDA LEE,<br><br>   PLAINTIFF,<br><br>VERSUS<br><br>UNITED STATES OF AMERICA and JOHN DOE 1-2,<br><br>   DEFENDANTS. | CIVIL ACTION NO.: 2:25-cv-00164-DCN<br><br>**COMPLAINT** |

COMES NOW Plaintiff Amanda Lee complaining of the Defendant United States of America (hereinafter "United States" or "Defendant") and unidentified employees thereof (hereinafter "John Doe 1-2"), and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This suit arises out of an incident in which a motor vehicle owned by Defendant United States and operated by members of the United States Coast Guard, Defendants John Doe 1-2, struck the Plaintiff, a pedestrian, in Charleston, South Carolina.

2. Plaintiff Amanda Lee is a Canadian Citizen residing in Wagener, South Carolina at all times relevant to this action.

3. Plaintiff brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, et seq., for damages proximately caused by Defendant's negligence.

4. Defendants John Doe 1-2 are unknown uniformed members of the United States Coast Guard and employees of Defendant United States who, upon information and belief, were engaged in the course and scope of their employment by Defendant United States while operating a government owned white Ford van, license Plate G43 2095Y at all times relevant to this action.

5. Defendant United States of America is the appropriate defendant subject to suit

1

under the Federal Tort Claims Act, 28 U.S.C. §1346(b). The United States Coast Guard, which operated the subject motor vehicle at the time of the incident complained of, is a federal agency under the U.S. Department of Homeland Security existing under the laws of the United States of America with offices and facilities throughout the United States, to include U.S. Coast Guard Sector Charleston in Charleston County, South Carolina.

6. Plaintiff timely presented an administrative tort claim to the United States Coast Guard and has exhausted her administrative remedies as required by the Federal Tort Claims Act, 28 U.S.C. §2675(a).

7. The United States Coast Guard denied this claim by letter dated July 24, 2024.

8. This Complaint seeks damages under 28 U.S.C. §2671, et seq., Federal Tort Claims Act, for personal injury and money damages caused by the negligent or wrongful acts or omissions of employees of the United States Government, including servicemembers of the United States Coast Guard, while acting within the course and scope of their employment and operating a United States Government-owned vehicle under circumstances where the United States, if it were a private person, would be liable to the Plaintiff in accordance with the laws of the State of South Carolina.

9. Venue is proper in this district pursuant to 28 U.S.C. §1402(b) as the collision occurred in Charleston County, South Carolina.

**COMMON FACTUAL ALLEGATIONS**

10. Plaintiff incorporates the allegations set forth above herein below as if restated verbatim.

11. On or about March 17, 2023, Plaintiff was a pedestrian and attempted to walk across King Street in a marked crosswalk in front of the Francis Marion Hotel at the intersection of King Street and Calhoun Street.

12. At the same time and vicinity, John Doe 1-2 were operating a United States General Service Administration-owned Ford van, license plate G43 2095Y, and traveling South on King Street. Defendant's vehicle stopped short of the crosswalk.

13. As Plaintiff crossed King Street in front of Defendant's vehicle, Defendant's employee and vehicle, suddenly and without warning, traveled forward and struck the Plaintiff, running over her left foot and fracturing her left tibia.

14. Upon discovering that they had struck a pedestrian, John Doe 1-2 stopped the van, dismounted from the vehicle, briefly examined the Plaintiff's injury, and then left the scene of the incident in the van.

15. As a direct and proximate result of Defendant's vehicle driving over Plaintiff's foot, Plaintiff suffered a closed fracture of medial malleolus of left distal tibia requiring emergency room and orthopedic treatment, as well as surgical intervention and stabilization.

## CAUSES OF ACTION

### CHARGE I
**(Vicarious Liability, Negligence, Gross Negligence, Negligence Per Se as to All Parties)**

16. Plaintiff incorporates the allegations set forth above herein below as if restated verbatim.

17. Defendant United States owes a duty to the Plaintiff and general public to operate its motor vehicles with reasonable care and prudence so as to avoid injury or harm to pedestrians such as the Plaintiff.

18. Defendant United States is vicariously liable for the acts or omissions of its employees undertaken or committed in connection with the course and scope of their employment and associated duties, to include the operation of U.S. Government-owned or leased vehicles for operations and support functions of U.S. Coast Guard Sector Charleston or its administratively or operationally assigned commands, components, units, or personnel.

19. Defendant United States, by and through its employees, and John Does 1-2 were negligent, negligent per se, grossly negligent, willful, wanton, and reckless at the time and place alleged above in the following particulars, to wit:

    a. In failing to maintain a proper lookout;

    b. In failing to maintain proper control of its vehicle;

    c. In failing to yield to a pedestrian crossing in a marked crosswalk;

    d. In leaving the scene of a motor vehicle accident resulting in personal injury in violation of South Carolina Code §56-5-1210;

    e. In failing to report a motor vehicle accident involving a government-owned vehicle in violation of 41 CFR Part 101-39.401;

    f. In failing to exercise the degree of care and caution that a reasonably prudent person would have exercised under the circumstances then and their prevailing;

    g. In such other particulars as the evidence at trial may show;

all of which acts and / or omissions were a direct and proximate cause of the Plaintiff's injuries and damages, and all of which acts/or omissions were in violation of the statutes and laws of the State of South Carolina.

20. As a direct and proximate result of the Defendant's negligent acts or omissions set forth above, Plaintiff has sustained severe personal injury and physical harm, pain and suffering, emotional distress, permanent physical impairment, permanent disfigurement, medical and drug treatment expenses, and lost business income.

## CHARGE II
### (Negligent Supervision as to Defendant United States)

21. Plaintiff incorporates the allegations set forth above hereinbelow as if restated verbatim.

22. Defendant United States owed a duty to the Plaintiff and the general public to hire, train, retain, and supervise employees and agents who are competent and/or suited for the particular duties and responsibilities entrusted to them. Such duty necessarily included a duty to train and supervise employees to whom government vehicles are entrusted and ensure their familiarity with local traffic laws, safe vehicle operations, and incident reporting requirements mandated by both state and federal laws and/or regulations.

23. Defendant United States breached its duty of care to the Plaintiff and was negligent, negligent per se, careless, reckless, willful, wanton, and grossly negligent in the following particulars:

   a. in failing to adequately train and supervise John Doe 1-2 and in entrusting a motor vehicle to John Doe 1-2;

   b. in failing to ensure their familiarity and compliance with South Carolina Code §§ 56-5-3250, 56-5-1210, and other laws concerning traffic or the operation of motor vehicles in the State of South Carolina;

   c. in failing to ensure their familiarity and compliance with motor vehicle operation and reporting requirements set forth under 41 CFR Part 101-39.401 and Coast Guard COMDTINST M5100.47D;

   d. in entrusting a motor vehicle to John Doe 1-2 despite the above-stated deficiencies in training, as well as failing to ensure the familiarity of John Doe 1-2 with the local driving area, local traffic patterns, and typical pedestrian congestion in downtown Charleston.

24. As the direct and proximate result of said acts or omissions in the training and supervising of John Doe 1-2 , Plaintiff was injured and suffered damages as alleged above.

WHEREFORE, Plaintiff prays unto this Honorable Court as follows:

    a.    That this matter be tried before a jury;

    b.    For actual damages to be demonstrated in the trial of this matter;

    c.    For all attorneys fees, costs, expenses, and other damages allowed by law;

    d.    For such other relief as this Court may deem just and proper.

**MAXWELL LAW FIRM, LLC**

By:    *s/ A. Christy Tyner*
A. Christy Tyner
Fed Bar No. 9808
SC Bar No. 71634
cytner@maxwelllawfirm.com
P.O. Box 1115
Aiken, South Carolina 29802
(803) 641-6700

**BRAITHWAITE MCMILLIAN GRIMES, LLC**

By:    *s/ Taylor S. Braithwaite*
Taylor S. Braithwaite
Fed Bar No. 12219
SC Bar No. 80118
taylor@bmgattorneys.com
Counsel for Plaintiff
P.O. Box 314

January 7, 2024
Aiken, South Carolina

Aiken, South Carolina 29802
(803) 220-0000